IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00748-NRN

JAMES D. RIDDLE,

Plaintiff,

v.

ANDREW M. SAUL,[1] Acting Commissioner of Social Security,

Defendant.

---

**OPINION AND ORDER**

---

**N. Reid Neureiter**
**United States Magistrate Judge**

      The government determined that Plaintiff James D. Riddle was not disabled for purposes of the Social Security Act for the period from December 1, 2021 through August 9, 2018, the date of the decision. AR[2] 21 Mr. Riddle has asked this Court to review that decision. The Court has jurisdiction under 42 U.S.C. § 405(g), and both parties have agreed to have this case decided by a U.S. Magistrate Judge under 28 U.S.C. § 636(c). Dkt. #16.

---

[1] On June 4, 2019, the Senate confirmed Andrew M. Saul as Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew M. Saul should be substituted for Nancy A. Berryhill, former Acting Commissioner of Social Security, as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] All references to "AR" refer to the sequentially numbered Administrative Record filed in this case. (Dkt. #10, including 10-1 through 25, #11 including 11-1 through 11-25, and #12, including 12-1 through 12-18)

## Standard of Review

In Social Security appeals, the Court reviews the decision of the administrative law judge ("ALJ") to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied. *See Pisciotta v. Astrue,* 500 F.3d 1074, 1075 (10th Cir. 2007). "Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Raymond v. Astrue*, 621 F.3d 1269, 1271-72 (10th Cir. 2009) (internal quotation marks omitted). The Court "should, indeed must, exercise common sense" and "cannot insist on technical perfection." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). The Court cannot reweigh the evidence or its credibility. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

## Background

At the second step of the Commissioner's five-step sequence for making determinations,[3] the ALJ found that Mr. Riddle "has the following severe impairments: degenerative disc disease of the lumbar spine and left upper extremity epicondylitis and cubital tunnel syndrome." AR 14. The ALJ determined

---

[3] The Social Security Administration uses a five-step sequential process for reviewing disability claims. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step process requires the ALJ to consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to her past relevant work; and, if not, (5) could perform other work in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988.) The claimant has the burden of proof through step four; the Social Security Administration has the burden of proof at step five. *Lax*, 489 F.3d at 1084.

2

that Mr. Riddle had the following non-severe impairments: cervical and thoracic degenerative disc disease, gastroesophageal reflux disease, headaches, and depressive disorder. AR 15.

The ALJ then determined at step three that Mr. Riddle "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments" in the regulations. AR 16. Because he concluded that Mr. Riddle did not have an impairment or combination of impairments that meets the severity of the listed impairments, the ALJ found that Mr. Riddle has the following residual functional capacity ("RFC"):

> . . . the claimant [Mr. Riddle] has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a), except that the claimant can occasionally bend, squat, and kneel. He can occasionally do over chest level work.

(AR 17.)

The ALJ concluded that Mr. Riddle was unable to perform any past relevant work. AR 19. At step five, the ALJ found that, considering Mr. Riddle's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform, including addressing clerk, final assembler, and surveillance system monitor. AR 20. Accordingly, Mr. Riddle was deemed not to have been under a disability from the alleged onset date of December 1, 2012, through August 9, 2018, the date of the decision. AR 21.

## Analysis

Mr. Riddle argues that the ALJ's decision should be reversed and the matter remanded for a rehearing because he erred as a matter of law by failing to

apply the de minimis Step 2 standard to determine that Mr. Riddle's headaches were not a severe impairment, and failing to include any headache related limitations in the RFC. Mr. Riddle also argues that the ALJ's credibility finding is generally defective. For the reasons outline below, the Court agrees that the ALJ did not properly address all the evidence relating to Mr. Riddle's headaches.

**I.     Mr. Riddle's Headaches**

Mr. Riddle argues that the ALJ should have considered his headaches as a severe impairment because he made a more than de minimis showing that his headaches had a limiting effect on his ability to work. However, the ALJ found that Mr. Riddle had other impairments that were severe, which means that even if it was error to determine that Mr. Riddle's headaches were nonsevere, the error is not reversible. The Tenth Circuit has explicitly addressed this issue:

> As long as the ALJ finds one severe impairment, the ALJ may not deny benefits at step two but must proceed to the next step. Thus, the failure to find a particular impairment severe at step two is not reversible error when the ALJ finds that at least one other impairment is severe.

*Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016).

Mr. Riddle next argues that even if his headaches were nonsevere, the ALJ should have considered at least some of the limitations caused by the headaches in the RFC. The ALJ acknowledged that Mr. Riddle was treated and prescribed medication for headaches, but concluded that "there are no objective findings to show his headaches cause more than minimal limitations." The ALJ cites to five exhibits but does not discuss them in relation to his conclusion or Mr. Riddle's testimony about his headaches. Nor does the ALJ acknowledge that, according to SSA guidance, SSA Q&A 09-036, and caselaw in this district and

4

others that there are no objective medical tests for evaluating headaches. *See Malik v. Colvin*, No. 12-CV-02932-WYD, 2014 WL 1257070, at *5 (D. Colo. Mar. 27, 2014) ("Many federal district courts recognize that there are no objective medical tests for evaluating migraines/headaches, and hold that there is no requirement that an impairment such as migraines be proven through objective medical findings.").

The Commissioner argues that the ALJ's conclusion with respect to headaches is consistent with the record, and discusses in detail those parts of the records that could support the ALJ's decision. Such post hoc rationalizations are not permitted and do not overcome the fact that the ALJ's conclusion is supported with a perfunctory citation to the record. *See Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005).

The ALJ did not address any of the medical evidence that does support a conclusion that Mr. Riddle's headaches were severe. According to the record, Mr. Riddle first complained of and was prescribed medication headaches in December 2012. AR 494-620. The Court has reviewed the record and found more than a dozen additional references to Mr. Riddle's headaches in his medical records, beginning in January 2013 and continuing off and on through September 2015. *See* AR 316, 321-22, 501, 505, 511, 530, 535, 539, 544, 580, 584, 591, 606, 616, 758, 803, 810, 816, 823, 829, 1323, 1347, and 2066-67. In March 2015, a doctor ordered a brain MRI to help better diagnose and treat Mr. Riddle's headaches. AR 1307. The ALJ did not discuss or address any of this evidence. This is improper picking and choosing. *See Hardman v. Barnhart*, 362

F.3d 676, 681 (10th Cir. 2004) ("It is improper for the ALJ to pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."). *See also Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996) ("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects.").

Accordingly, the Court finds that the ALJ's decision should be reversed, and the matter remanded. On remand, the ALJ should consider all the available evidence concerning Mr. Riddle's headaches, and assess an RFC that incorporates all the work-related functional limitations, if any, stemming from this condition.

## II.   Mr. Riddle's Credibility

Mr. Riddle argues that in addition to the ALJ's error with respect to the severity of Mr. Riddle's headaches, the ALJ's credibility finding failed to address his "excellent" work history. According to Mr. Riddle, he has a strong work history evidenced by earnings during 83 covered quarters from the time he turned 21 until 2013. Dkt. #19 at 17. The Commissioner argues that Mr. Riddle's work history is not strong because he frequently changed jobs and stopped working in 2012 for reasons other than his medical condition. Dkt. #20 at 12.

In general, "credibility determinations 'are peculiarly the province of the finder of fact, and should not be upset if supported by substantial evidence.'" *White*, 287 at 909 (quoting *Kepler v. Chater*, 68 F.3d 387, 390-91 (10th Cir. 1995)). "A claimant's prior work history is one of many factors an ALJ must

consider in assessing the credibility of a claimant's subjective complaints of disabling pain." *Campbell v. Barnhart*, 56 F. App'x 438, 441 (10th Cir. 2003) (unpublished) (citing 20 C.F.R. § 404.1529(c)(3)).

The ALJ discussed medical evidence relating to Mr. Riddle's back and upper extremity pain before concluding that the "objective medical evidence does not reasonably substantiate the allegations about intensity, persistence and functionally limiting effects of the symptoms." AR 19. The Court finds no reference to Mr. Riddle's work history in the ALJ's assessment of Mr. Riddle's credibility. Accordingly, on remand, the ALJ should consider and address Mr. Riddle's work history in making his credibility determination.

## Conclusion

For the reasons set forth above, the Commissioner's decision is **REVERSED** AND REMANDED for further proceedings consistent with this decision.

Dated this 5th day of December, 2019.

BY THE COURT:

*N. Reid Neureiter*

N. Reid Neureiter
United States Magistrate Judge